**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MAKORS OU,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>THE PARTNERSHIPS AND<br>UNINCORPORATED ASSOCIATIONS<br>IDENTIFIED IN SCHEDULE "A",<br><br>　　　　　　　　Defendants. | Case No. 25-cv-13203<br><br>Judge John J. Tharp, Jr<br>Magistrate Judge Jeffrey T. Gilbert |

**PLAINTIFF'S STATEMENT IN RESPONSE TO ORDER TO SHOW CAUSE**

Plaintiff Makors OU ("Plaintiff"), through undersigned counsel, respectfully submits this Statement pursuant to the Court's directive at the November 25, 2025 hearing requiring Plaintiff to show cause why this action should not be dismissed as an improper attempt at forum shopping. Plaintiff takes the Court's concerns with the utmost seriousness and provides the following explanation to clarify the factual circumstances surrounding the dismissal of Plaintiff's prior action and the filing of this case:

**I.      INTRODUCTION**

Plaintiff did not dismiss its prior action and refile this case for the purpose of avoiding this Court's rulings or obtaining a different judge. Rather, Plaintiff acted because the underlying infringement evidence had materially changed over the course of seven months, numerous original listings had been removed from the online marketplaces, new instances of infringement had emerged, and additional sellers had been identified. The prior record had become stale, incomplete, and no longer suitable to support injunctive relief.

Just as importantly, Plaintiff did not attempt to conceal the existence of the earlier case or its overlap with the current defendant list. On November 12, 2025, Judge Tharp ordered Plaintiff

1

to file a supplemental submission addressing its prior Schedule A cases and overlapping defendants. Plaintiff complied on November 19, 2025 [8], openly disclosing the prior action and the overlapping defendants. This chronology is fundamentally inconsistent with any attempt to manipulate judicial assignment or evade scrutiny.

The fact that Plaintiff proactively and candidly disclosed the information of the prior action before any Court inquiry is fundamentally inconsistent with any intent to shop for a different judge. If Plaintiff had wanted to engage in judge shopping, it could have simply dismissed the earlier case and refiled it immediately, without conducting a new investigation, without updating its evidence, and without voluntarily highlighting the overlap between the two cases. Instead, Plaintiff rebuilt its evidentiary record, identified new defendants, and complied with a Court order directing full disclosure. These actions demonstrate good faith.

## II. THE PRIOR ACTION AND CHANGED MARKET CONDITIONS

Plaintiff filed Case No. 25-cv-698 on January 21, 2025, naming 219 defendants accused of selling counterfeit and infringing versions of Plaintiff's product. Over the following seven months, the landscape of online marketplaces changed dramatically. Many of the defendants' listings were removed, altered, or replaced; URLs became invalid; and new sellers began offering infringing products. Because Schedule A cases depend heavily on the currency of the screenshots, URLs, and online identifiers, time is a critical factor. Screenshots collected in early 2025 no longer reflected the state of infringing conduct by late 2025. Proceeding on the basis of outdated and invalid URLs would not have been responsible, accurate, or proper under Rule 65.

By the time the TRO motion was denied in the prior case, many of the original infringing listings had disappeared or materially changed. As a result, the factual basis for injunctive relief had eroded. Plaintiff faced a significant evidentiary gap: the screenshots and data filed in January no longer demonstrated ongoing infringement.

After the previous case was closed, Plaintiff commissioned a fresh investigation. This resulted in: (1) newly captured infringing listings, wholly distinct from those in the January case; (2) new defendants not included in the earlier action; (3) a materially updated record better suited to injunctive relief. Given the substantial changes, Plaintiff made a good faith determination that a new action supported by a wholly updated evidentiary record was the more orderly and accurate approach.

## III.    THE PRESENT ACTION IS NOT A DUPLICATE OF THE PRIOR CASE

Although certain defendants and listings appear in both cases, the present action is not a duplicate of the earlier one. Plaintiff recaptured every screenshot and link it relied upon for this action, ensuring that the evidence reflected current, active infringement at the time of filing. Even for listings that remained active, Plaintiff obtained new screenshots, taken months after the original captures. In several instances, Defendants had modified their listings, such as changing titles, updating images, editing descriptions, or modifying prices. These changed product pages required new evidentiary captures to reflect the updated infringing content.

Other listings in this case are entirely new and did not exist at the time the prior lawsuit was filed. The updated investigation identified new defendants and new counterfeit offerings. Thus, although some listings persisted over time, the evidentiary record presented here is materially different, current, and tailored to the late-2025 marketplace conditions. Plaintiff did not reuse prior evidence, and the inclusion of re-captured listings does not render the case a duplicate; rather, it demonstrates ongoing infringement, supported by fresh and accurate evidence.

## IV. THE TIMING OF PLAINTIFF'S DISMISSAL WAS EVIDENCE-DRIVEN, NOT JUDGE-DRIVEN

The Court questioned the timing of Plaintiff's voluntary dismissal of the prior case following the denial of TRO relief. Plaintiff respectfully clarifies that its decision was driven by

the staleness of the prior evidence and the need to present new and accurate screenshots. By the time the TRO Motion was denied, many listings had changed substantially, and a new investigation was already underway. Plaintiff could not in good faith seek renewed TRO relief based on outdated materials.

If Plaintiff had intended to engage in judge shopping, it would not have undertaken the substantial work of re-investigating the marketplace, capturing new screenshots, and documenting updated listings. It could just dismiss the case and immediately refile a substantially identical case without rebuilding the evidentiary record and without drawing attention to the overlap with the prior action. Plaintiff did the opposite by thoroughly updating its evidence, restructuring its defendant list, and complying with judicial transparency requirements.

## V. PLAINTIFF'S DISCLOSURE NEGATES ANY INFERENCE OF JUDGE SHOPPING

On November 12, 2025, Judge Tharp expressly ordered Plaintiff to supplement its TRO filings by November 19, 2025, with (1) a certification that none of the screenshots had been used in any prior proceeding, (2) a listing of all prior online infringement cases brought by Plaintiff, and (3) a listing identifying all overlapping defendants. Plaintiff complied fully and timely. In that filing, Plaintiff disclosed the prior case, stated the number of defendants in the earlier matter, acknowledged the 26 overlapping defendants, and certified under penalty of Rule 11 that all screenshots in this case were newly captured.

These disclosures were made before any accusation of judge shopping, before the Executive Committee referral, and before this matter appeared before Judge Kness. Plaintiff did not attempt to obscure the connection between the two cases. A litigant attempting to manipulate judicial assignment would not voluntarily, and in response to direct judicial order, file a sworn

4

statement identifying the very facts that might later be misconstrued as evidence of impropriety. Plaintiff's conduct reflects candor and compliance.

## VI. THE CIVIL COVER SHEET ANSWER WAS A GOOD-FAITH MISINTERPRETATION, NOT AN ATTEMPT TO MISLEAD

Plaintiff respectfully explains that counsel interpreted the civil cover sheet question regarding "previously dismissed or remanded cases" to ask whether *this particular lawsuit* had previously been dismissed, rather than whether Plaintiff had ever filed a different case involving similar subject matter. Although counsel acknowledges that a more cautious approach might have avoided confusion, Plaintiff's detailed November 19 disclosure of the prior case demonstrates that there was no intent to conceal any information from the Court.

## VII. PLAINTIFF IS FULLY WILLING TO PROCEED BEFORE THIS COURT

Plaintiff respectfully emphasizes that it has no preference regarding judicial assignment and is fully willing to proceed before this Court. Plaintiff understands the importance of preserving the integrity of the judicial assignment process and did not attempt to influence or evade that process.

For the foregoing reasons, Plaintiff respectfully submits that it did not engage in judge or forum shopping and requests that this case be allowed to proceed on the merits.

Dated: December 16, 2025

Respectfully submitted,

/s/ James E. Judge

Zareefa B. Flener (IL Bar No. 6281397)
James E. Judge (IL Bar No. 6243206)
Ying Chen (IL Bar No. 6346961)
Flener IP Law, LLC
77 West Washington Street, Suite 800
Chicago, Illinois 60602
(312) 724-8874
jjudge@fleneriplaw.com

5